## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SAFEWORKS, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2860 |
| | § | |
| MAX ACCESS, INC., ALAN L. | § | |
| CHURCH, and GABRIEL J. TORRES, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on a Motion for Partial Summary Judgment [Doc. # 12] filed by Defendants Alan L. Church ("Church") and Gabriel J. Torres ("Torres") (collectively "Defendants").[1]  Based on the Court's review of the full record and the application of governing legal authorities, the Court concludes that Defendants' Motion for Partial Summary Judgment should be **granted in part** and **denied in part**.

## I.   BACKGROUND

The present dispute arises out of Defendants' employment with and resignation from SafeWorks.  SafeWorks manufactures, sells, distributes, and services scaffolding

---

[1]   Plaintiff SafeWorks, LLC ("SafeWorks") filed a Response [Doc. # 14], and Defendants filed a Reply [Doc. # 15].  SafeWorks additionally filed a Motion to Strike and Alternative Unopposed Motion for Leave to File Sur-Reply [Doc. # 16]. The Court denies SafeWorks' Motion to Strike but grants the Unopposed Motion for Leave to File Sur-Reply.  In deciding Defendants' Motion, the Court will consider SafeWork's Sur-Reply [Doc. # 16, Exh. A].

and related safety equipment for the construction, industrial restoration, and maintenance industries.  From the late 1980s until 1997, Defendants were employed by Spider in its Houston, Texas location.[2]  In 1997, SafeWorks acquired the assets of Spider and Spider became a division of SafeWorks.  The Spider division sells and rents equipment directly to end users through equipment dealers.

On October 2, 1997, in connection with the acquisition, Defendants, along with the other Spider employees,[3] were required to execute a Confidentiality and Non-Solicitation Agreement (collectively, the "Agreement").[4]  Church and Torres each signed a copy of the Agreement but SafeWorks did not.  The Agreement contains *inter alia* a non-disclosure provision and a non-solicitation provision.

Defendants were employed by SafeWorks in the Spider division from 1997 until mid-2008.  On May 30, 2008, Church resigned his employment with SafeWorks, and in June 2008, he began employment with Max Access, Inc. ("Max Access").  Max

---

[2]     Torres began working for Spider in October 1987 as service technician and later as the Houston service manager.  Church began working for Spider in May 1989 as a sales representative.

[3]     *See* Deposition of Christopher P. Bates, Exh. E to Defendants' Motion [Doc. # 12], at 21; *see also* Deposition of SafeWorks, LLC, by and through Christopher Bates, Exh. B to Defendants' Reply [Doc. # 15], at 178.

[4]     *See* Torres Confidentiality and Non-Solicitation Agreement, Exh. A to Defendants' Motion [Doc. # 12] ("Torres Agreement"); Church Confidentiality and Non-Solicitation Agreement, Exh. B to Defendants' Motion [Doc. # 12] ("Church Agreement").

Access also engages in the sale and rental of scaffolding and related equipment.  On June 28, 2008, Torres resigned his employment with SafeWorks, and on July 9, 2008, he began working for Max Access.

On August 15, 2008, SafeWorks filed suit against Church and Torres in 164th Judicial District of Harris County, Texas.  On September 25, 2008, SafeWorks filed a Notice of Non-Suit in the state court proceeding and filed the case presently before the Court.  SafeWorks alleges claims of  misappropriation of trade secrets, breach of contract, and tortious interference with SafeWorks' existing and prospective contractual relationships.  Defendants have moved for partial summary judgment with respect to SafeWorks' claims for breach of the non-solicitation provision of the Agreement.

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should

be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that

the non-movant could or would prove the necessary facts.  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."  *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).  "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."  *See id.* (internal citations and quotations omitted).

## III.   ANALYSIS

Generally, under Texas law, covenants not to compete are restraints of trade and are unenforceable unless the covenant contains restraints that are reasonable.  *See* TEX. BUS. & COM. CODE § 15.50(a).  Under § 15.50(a) the Texas Business and Commerce Code ("TBCC"), a "covenant not to compete" is enforceable if:

> it is ancillary to or part of an otherwise enforceable agreement at the time the agreement is made to the extent that it contains limitations as to time, geographical area, and scope of activity to be restrained that are reasonable and do not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee.

*Id.*[5]  A non-solicitation provision in a contract is also a restraint on trade and must meet the requirements of § 15.50 to be enforceable.  *See Rimkus Consulting Group, Inc. v. Cammarata*, 255 F.R.D. 417, 438–39 (S.D. Tex. 2008) (Rosenthal, J.) (citing *Shoreline Gas, Inc. v. McGauhey*, 2008 WL 1747624, at *10 (Tex.App.—Corpus Christi April 17, 2008, no pet.); *Miller Paper Co. v. Roberts Paper Co.*, 901 S.W.2d 593, 599–600 (Tex.App.—Amarillo 1995, no pet.)).  The enforceability of a covenant not to compete involving a Texas employee is governed by Texas law.  *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 681 (Tex. 1990);  *In re AutoNation, Inc.*, 228 S.W.3d 663, 669 (Tex. 2007) (declining to overrule *DeSantis* following the enactment of § 15.50 of the TBCC and *Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644 (Tex. 2006)).  "The enforceability of a covenant not to compete, including the question of whether a covenant not to compete is a reasonable restraint of trade, is a question of law for the court."  *Light v. Centel Cellular Co. of Tex.*, 883 S.W.2d 642, 644 (Tex. 1994), *abrogated in part on unrelated grounds by Sheshunoff*, 209 S.W.3d 644.

Defendants have moved for partial summary judgment on SafeWorks' claims for breach of the non-solicitation provision in the Agreement.  Defendants argue that

---

[5]  A federal court sitting in diversity jurisdiction must apply the substantive law of the forum state.  *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

the non-solicitation provision is not enforceable under Texas law because it is not part of an otherwise enforceable agreement and the provision is not a reasonable restriction.  Defendants seek judgment also that SafeWorks is not entitled to damages or injunctive relief.  Finally, Defendants seek recovery of their costs and attorney's fees for defending this suit.  The Court addresses each of these arguments in turn.

## A.    Ancillary to or Part of an Otherwise Enforceable Agreement?

Defendants argue that the non-solicitation provision of the Agreement fails to satisfy the requirements of § 15.50 the TBCC because it is not "ancillary to or part of an otherwise enforceable agreement at the time the agreement is made."  To determine whether a covenant not to compete is ancillary to an otherwise enforceable agreement, the Court must first identify the "otherwise enforceable agreement" between Defendants and SafeWorks.  *Ray Mart Inc. v. Stock Bldg. Supply of Tex. LP*, 302 F. App'x 232, 236 (5th Cir. 2008).  In doing so, the Court must ignore the noncompete covenant and must "determine whether any binding promises remain that would constitute an enforceable agreement."  *Id.*  After identifying such an agreement, the Court must "determine whether the noncompete covenant is ancillary to this otherwise enforceable agreement."  *Id.* (citing *Sheshunoff*, 209 S.W.3d at 649).

For the reasons discussed below in Sections III.B and III.C, the Court concludes that the restrictions imposed by the non-solicitation provision of the Agreement are

not reasonable, that the non-solicitation provision must be reformed by the Court, and that SafeWorks is not entitled to injunctive relief under the reformed provision. Accordingly, the Court does not reach the issue of whether the non-solicitation provision of the Agreement is "ancillary to or part of an otherwise enforceable agreement at the time the agreement is made." For purposes of the present motion, the Court will assume *arguendo* that the non-solicitation provision of the Agreement meets the requirement of § 15.50 the TBCC that it be "ancillary to or part of an otherwise enforceable agreement at the time the agreement is made."

### B.     Is the Non-Solicitation Provision Reasonable?

Defendants argue that the non-solicitation provision of the Agreement is overbroad—that is, not reasonable—because it does not contain reasonable restrictions on the scope of permitted post-employment activities and the restrictions impose a greater restraint than is necessary to protect the goodwill or other interest of SafeWorks.[6]   Accordingly, Defendants request summary judgment in their favor on SafeWorks' claims that Defendants breached the non-solicitation provision of the Agreement.

The non-solicitation provision of the Agreement provides that for a period of six months after the termination of employment, an employee will not:

---

[6]     Defendants' Motion [Doc. # 12], at 9.

directly or indirectly solicit or entice any of the following to cease, terminate, or reduce any relationship with [SafeWorks] or to divert any business from [SafeWorks]: (a) any employee, consultant or representative of [SafeWorks]; (b) any contractor or supplier of [SafeWorks]; (c) *any customer or client of* [*SafeWorks*]; or (d) any prospective customer or client from which Employee has solicited business while employed by [SafeWorks].[7]

This non-solicitation provision is not limited to customers and clients with whom Church or Torres, respectively, did business during their employment. Covenants not to compete that extend to clients with whom an employee did not actually do business during his employment are overbroad and unenforceable. *See Wright v. Sport Supply Group, Inc.*, 137 S.W.3d 289, 298 (Tex.App.—Beaumont 2004, no pet.) ("[A] covenant not to compete that extends to clients with whom a salesman had no dealings during his employment is unenforceable."); *see also Rimkus*, 255 F.R.D. at 435; *Hardy v. Mann Frankfort Stein & Lipp Advisors, Inc.*, 263 S.W.3d 232, 250 (Tex.App.—Houston [1st Dist.] 2007, pet. granted). For this reason alone, the non-solicitation provisions are overbroad and are unenforceable unreasonable restraints of trade.

Furthermore, the Agreement's non-solicitation provision is not limited to a reasonable geographic scope. *See, e.g.*, *Butler v. Arrow Mirror & Glass, Inc.*, 51

---

[7]     Torres Agreement, Exh. A to Defendants' Motion [Doc. # 12], ¶ 5 (emphasis added); Church Agreement, Exh. A to Defendants' Motion [Doc. # 12], ¶ 5 (emphasis added).

S.W.3d 787, 793–94 (Tex.App.—Houston [1st Dist.] 2001, no pet.) ("A covenant not to compete with a broad geographical scope is unenforceable, particularly when no evidence establishes the employee actually worked in all areas covered by the covenant.").  SafeWorks is a global company with twenty-four North American locations.[8]  Both Church and Torres worked only in the Houston location and surrounding area.  For example, since 2000, Church's assigned sales territory was limited to industrial sales in the southern half of Texas.[9]  The non-solicitation provision, however, purports to apply globally to any client or customer of SafeWorks.  The Court concludes that this restriction is not reasonably tailored geographically so as to be a reasonable limitation of trade.  The Court, accordingly, concludes that the non-solicitation provision of the Agreement, as applied to each Defendant, is overbroad and an unenforceable unreasonable restraint of trade.

SafeWorks concedes the that "the non-solicitation provision[ ] [of the Agreement] could possibly be construed as overbroad under Texas law to the extent that [it] fail[s] to limit the non-solicitation of employees and customers of SafeWorks to those of which Church or Torres were aware or with which they had contact during

---

[8]   Deposition of Christopher P. Bates, Exh. E to Defendant's Motion [Doc. # 12], at 20.

[9]   Deposition of SafeWorks, LLC, by and through Christopher Bates, Exh. B to Defendants' Reply [Doc. # 15], at 52–54.

their employment with SafeWorks."[10]  SafeWorks, however, asks the Court to rule

that the non-solicitation provision is enforceable "to the extent that [it] restrict[s] the

solicitation of employees, consultants, representatives, contractors, suppliers,

customers, and clients of SafeWorks to those of which Defendants were aware or had

contact during their employment with SafeWorks."[11]

Section 15.51(c) of the TBCC provides that if a covenant is found to be "not

reasonable" the court should reform the covenant to the extent necessary to make the

limitation(s) reasonable.  TEX. BUS. & COM. CODE § 15.51(c); *see also Wright*, 137

S.W.3d at 298 ("Instead of invalidating covenants not to compete, Texas courts

usually have reformed them by revising the unenforceable provisions to those that

would be reasonable under the circumstances." (citing *Butler*, 51 S.W.3d at 794)).[12]

In order to make the limitations of the non-solicitation provision of the Agreement

reasonable in this case, the Court limits the provision's scope to customers and clients

---

[10]     SafeWorks' Response [Doc. # 14], at 3.

[11]     *Id.* at 19.

[12]     SafeWorks argues that while it may be barred from recovering damages for the breach
of the non-solicitation provisions, its claims for damages for breach of the non-
disclosure provisions remain viable because non-disclosure agreements may be
enforceable even if a covenant not to compete is not.  *See, e.g.*, *Tom James of Dallas,
Inc. v. Cobb*, 109 S.W.3d 877, 888 (Tex.App.—Dallas 2003, no pet.).  Defendants
have not moved for summary judgment on claims based on the non-disclosure
provision and, therefore, the Court need not reach this issue.

of SafeWorks to or from which either Church and Torres rendered services during his employment with SafeWorks.  Additionally, the Court limits the geographic scope of the reformed non-solicitation provision to Houston and the surrounding counties in South Texas where Church and Torres actually worked or solicited customers and clients while employed by SafeWorks.

If a court reforms a covenant not to compete in order to make it reasonable and enforceable, "the court may not award the promisee damages for a breach of the covenant before its reformation and the relief granted to the promisee shall be *limited to injunctive relief*."   TEX. BUS. & COM. CODE § 15.51(c) (emphasis added). Accordingly, the Court denies SafeWorks damages for breach of the non-solicitation provision by Church or Torres.  Defendants are entitled to summary judgment on the issue of damages on SafeWorks' claims for breach of the non-solicitation provision. It remains for the Court to determine whether SafeWorks is entitled to injunctive relief for Defendants' breach, if any, of the non-solicitation provision as reformed by the Court.

### C.    Injunctive Relief

Defendants argue that SafeWorks is not entitled to injunctive relief because the non-solicitation provision of the Agreement has expired by its terms, rendering the request for injunctive relief moot.  SafeWorks responds by asking the Court to

exercise its equitable discretion to enjoin Church and Torres on a going-forward basis from soliciting SafeWorks' customers and clients under the non-solicitation provision as reformed by the Court.  Defendants reply that such equitable relief is inappropriate when a plaintiff fails to seek a preliminary injunction hearing prior to the expiration of the terms of a non-solicitation agreement.

The non-solicitation provision of the Agreement had a term of six months commencing upon the cessation of each Defendant's employment with SafeWorks.[13] SafeWorks acknowledges that the non-solicitation provision for each Defendant has lapsed by its terms because more than six months have passed since Church and Torres ceased employment with SafeWorks.[14]  Church's six-month non-solicitation period expired on November 30, 2008, and Torres' non-solicitation period expired on December 28, 2008.

SafeWorks cites the Court to *Guy Carpenter & Co. v. Provenzale*, 334 F.3d 459 (5th Cir. 2003), to support its argument that expiration of the proscribed non-solicitation period does not render a request for injunctive relief moot.  Defendants cite the Court to two post-*Guy Carpenter* district court decisions declining to grant

---

[13]     *See* Torres Agreement, Exh. A to Defendants' Motion [Doc. # 12], ¶ 5; Church Agreement, Exh. A to Defendants' Motion [Doc. # 12], ¶ 5.

[14]     *See* SafeWorks' Response [Doc. # 14], at 21.

injunctive relief when the plaintiff delayed or failed to seek a preliminary injunction. *See Staples, Inc. v. Sandler*, 2008 WL 4107656, at *5 (N.D. Tex. Aug. 29, 2008); *Rimkus*, 255 F.R.D. at 437–38.

The Court agrees that SafeWorks' request for injunctive relief is not rendered moot merely by expiration of the originally proscribed six-month period. *See Guy Carpenter*, 334 F.3d at 464. The Court retains the ability to exercise its equitable powers and extend the non-solicitation period for the court-reformed non-solicitation provision beyond the original contractual period. *See id*.

Under the circumstances presented, however, the Court declines to grant SafeWorks the requested extension. During the state suit that preceded this federal case, the court set a temporary injunction hearing for August 25, 2008, ten days after SafeWorks filed suit.[15] SafeWorks chose not to proceed with the hearing on that date. SafeWorks represented to the state court that it needed limited, expedited discovery, including depositions of the Defendants, before presenting its case for a temporary injunction. SafeWorks represented to the state court that it would be prepared for a temporary injunction hearing shortly after the depositions were completed.[16] SafeWorks completed the Defendants' depositions on September 4 and 5, 2008, but

---

[15]     *See* August 25, 2008, Hearing Transcript, Exh. C to Defendants' Reply [Doc. # 15].

[16]     *Id*. at 48.

the company did not thereafter seek a hearing date for a temporary injunction. Rather, SafeWorks filed a notice of non-suit and, on September 25, 2008, commenced this federal action. Since filing the present suit, SafeWorks has not sought a hearing on the preliminary injunction request it included in its Original Complaint. At a January 5, 2009, initial pretrial hearing, counsel for SafeWorks represented to the Court that SafeWorks was considering filing a motion for a preliminary injunction hearing in March 2009, but as of the date of this Memorandum and Order, SafeWorks still has not done so.

Even more significantly, SafeWorks has not directed the Court to evidence suggesting a probable right to the injunctive relief it now requests. To obtain a preliminary injunction, an applicant must prove four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). SafeWorks has not presented evidence demonstrating a substantial likelihood of success on the merits. SafeWorks primarily directs the Court to Church's deposition testimony that he conversed with existing customers of

SafeWorks within the six-month period,[17] and Torres' deposition testimony that he

placed orders for certain customers of SafeWorks during the six-month period.[18]

Examination of the actual testimony, however, reveals that Church's conversations

with existing customers of SafeWorks resulted from the customers calling him, *not*

from his solicitation or any pursuit of these customers.[19]  Similarly, Torres' testimony

makes it apparent that he placed an order for an existing customer of SafeWorks when

the customer called him, *not* from his solicitation of this customer.[20]  The testimony

cited by SafeWorks fails to raise a genuine fact issue that Church or Torres "directly

or indirectly solicited" existing customers of SafeWorks in violation of the non-

solicitation provisions.

In addition, SafeWorks' delay in seeking a preliminary injunction weighs

heavily against a finding of irreparable injury.  *See Rimkus*, 255 F.R.D. at 438.

Based on the record before the Court, the Court declines to grant SafeWorks

injunctive relief on its claims for breach of the non-solicitation provision by extending

---

[17]    Church's Deposition, Exh. D to SafeWorks' Response [Doc. # 14], at 100.

[18]    Torres' Deposition, Exh. E to SafeWorks' Response [Doc. # 14], at 53–54.

[19]    Church's Deposition, Exh. D to SafeWorks' Response [Doc. # 14], at 100.  Black's Law Dictionary defines solicitation as "the act or an instance of requesting or seeking to obtain something; a request or petition." BLACK'S LAW DICTIONARY 1427 (8th ed. 2004).

[20]    Torres' Deposition, Exh. E to SafeWorks' Response [Doc. # 14], at 53–54.

the term of the non-solicitation provision.  The Court will not enjoin Church and Torres on a going-forward basis from soliciting SafeWorks' customers and clients under the non-solicitation provision as reformed by the Court.

Because Defendants cannot recover damages and because the Court declines to grant SafeWorks injunctive relief, the Court grants Defendants summary judgment on SafeWorks' claims for breach of the non-solicitation provision of the Agreement. The Court now turns to the issue of Defendants' recovery of attorney's fees.

### D.   Attorney's Fees

Defendants argue that they are entitled under § 15.51(c) of the TBCC to recover their costs, including reasonable attorney's fees, incurred in defending SafeWorks' attempt to enforce an overbroad covenant.[21]  More specifically, Defendants contend that SafeWorks knew at the time each Defendant executed his Agreement that the non-solicitation provisions contained limitations that were not reasonable and were greater than necessary to protect the goodwill and business interests of SafeWorks.

---

[21]    SafeWorks argues that Defendants first raised their arguments for recovery of attorney's fees in their reply brief and, therefore, the Court should not consider Defendants' arguments.  SafeWorks argues that despite the fact that Defendants' Motion states that Defendants seek to "recover their costs and attorneys' fees expended in this cause," Defendants' Motion [Doc. # 12], at 13, Defendants' Motion failed to make argument in support of recovery of attorney's fees under the theories advanced in Defendants' Reply [Doc. # 15]. While SafeWorks' points are not without merit, the Court declines to strike Defendants' attorney's fee arguments because SafeWorks has had a full opportunity in its Sur-Reply [Doc. # 16, Exh. A] to address Defendants' arguments on the merits.

Defendants alternatively argue that they are entitled to recover attorney's fees under the terms of the Agreement, which provides that "[s]hould litigation arise concerning this Agreement, the prevailing party shall be entitled to its attorneys' fees and court costs in addition to any other relief that may be awarded."[22]

> Section 15.51(c) of the TBCC provides in relevant part that:
>
> If the primary purpose of the agreement to which the covenant is ancillary is to obligate the promisor to render personal services, [and if] the promisor establishes that the promisee **knew at the time of the execution of the agreement that the covenant did not contain limitations** as to time, geographical area, and scope of activity to be restrained **that were reasonable** and the limitations imposed a greater restraint than necessary to protect the goodwill or other business interest of the promisee, and the promisee sought to enforce the covenant to a greater extent than was necessary to protect the goodwill or other business interest of the promisee, **the court may award the promisor the costs, including reasonable attorney's fees, actually and reasonably incurred by the promisor in defending the action to enforce the covenant**.

TEX BUS. & COM. CODE § 15.51(c) (emphasis added).   Church and Torres, as promisors, have the burden to establish that SafeWorks, as the promisee, knew at the time the Agreements were executed that the non-solicitation provisions contained limitations that were not reasonable.   Defendants have failed to meet this burden.

---

[22]     *See* Torres Agreement, Exh. A to Defendants' Motion [Doc. # 12], ¶ 6 (erroneously numbered ¶ 5 on page 2 of the Agreement); Church Agreement, Exh. A to Defendants' Motion [Doc. # 12], ¶ 6 (erroneously numbered ¶ 5 on page 2 of the Agreement).

Evidence of SafeWorks' knowledge of Church's and Torres' roles and responsibilities while they were employed at SafeWorks is insufficient to establish that SafeWorks *knew* the non-solicitation provisions of the Agreement contained unreasonable limitations.  Under Texas law, similarly, even though the Texas Supreme Court had held seven years prior to the execution of the Agreement by either Defendant that application of another state's law to determine the enforceability of a covenant not to compete is void as against Texas public policy, there is no evidence SafeWorks representatives actually *knew* that the relevant non-solicitation provisions were unreasonable under Texas law.  Accordingly, the Court denies Defendants' claim for attorney's fees under § 15.51 at this time.

With respect to Defendants' claim for attorney's fees under the prevailing party provisions of the Agreement, the Court concludes that Defendants' request is premature.  SafeWorks' claims for breach of the non-disclosure provision of the Agreement remain pending and are not the subject of the pending summary judgment motion.  Designation of Defendants as a "prevailing party" of this entire litigation is not warranted at this time.  The Court also does not reach the issue whether Defendants' claim for attorney's fees under the prevailing party provisions of the Agreement is preempted by § 15.52 of the TBCC.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that the non-solicitation provision of the Agreement is overbroad and an unenforceable unreasonable restraint of trade.  The Court concludes SafeWorks is not entitled to damages for any alleged breach of the non-solicitation provision and the Court declines to grant SafeWorks injunctive relief under the non-solicitation provision as reformed by the Court. Furthermore, the Court denies Defendants' claim for attorney's fees under § 15.51 of the Texas Business and Commerce Code.  Finally, the Court denies without prejudice Defendants' claim for attorney's fees under the prevailing party provision of the Agreement because such a claim is premature.  Accordingly, it is hereby

**ORDERED** that Defendants' Motion for Partial Summary Judgment [Doc. # 12] is **GRANTED in part** and **DENIED in part**.

SIGNED at Houston, Texas, this **8<u>th</u>** day of **April, 2009**.

Nancy F. Atlas
United States District Judge